UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Josh Matheson

   v.                                                    Civil No. 17-cv-036-PB

Kim Lacasse, New Hampshire
State Prison Warden Michael A. Zenk,
Corrections Officer FNU Miller, and
Corrections Officer FNU Batakis[1]

## REPORT AND RECOMMENDATION

Pro se plaintiff Josh Matheson has filed a complaint (Doc. No. 1), asserting that the conditions of his confinement at the New Hampshire State Prison ("NHSP") violated his Eighth Amendment rights. Before the court is plaintiff's request for a preliminary injunction, set forth in the complaint's request for relief, see Doc. No. 1, and defendants' response (Doc. No. 7), which has been referred to the magistrate judge for a report and recommendation. See Feb. 6, 2017 Order (Doc. No. 3).

## Background

Construed liberally, the complaint states Eighth Amendment endangerment claims. Plaintiff who was incarcerated at the NHSP

---

[1]Defendants named by plaintiff include Kim Lacasse and New Hampshire State Prison ("NHSP") Warden Michael Zenk, in their individual and official capacities. The court construed the complaint as also intending to state claims against NHSP Corrections Officers FNU Miller and Batakis, in their individual capacities. See Feb. 6, 2017 Order (Doc. No. 3).

at the time he filed the complaint, alleges that his placement at the NHSP, pursuant to a parole revocation on November 29, 2016, subjected him to a substantial risk of harm from gang violence. Plaintiff further alleged that defendants were deliberately indifferent to a substantial risk of serious harm to him on January 11, 2017. On that date, plaintiff alleges that he cut himself intentionally, and that corrections officers ignored his calls for help, and did not transfer him to the Health Services Center until after he had cut himself, although he had repeatedly requested help before cutting himself.

The district judge completed a preliminary review of the complaint, pursuant to 28 U.S.C. § 1915A, referred the request for a preliminary injunction to the magistrate judge, and ordered the Eighth Amendment claims served on the four defendants named in the case caption. <u>See</u> Feb. 6, 2017 Order (Doc. No. 3). Two of those defendants, NHSP Warden Michael Zenk and Department of Corrections ("DOC") Classifications Administrator Kimberly Lacasse, have filed a response (Doc. No. 7) to plaintiff's request for a preliminary injunction, as the court directed in its February 6, 2017 Order (Doc. No. 3).

Warden Zenk's declaration, Doc. No. 7-3 ("Zenk Aff."), and DOC Classifications Administrator Lacasse's declaration, Doc.

2

No. 7-1 ("Lacasse Aff."), both executed on February 8, 2017,[2] confirm certain facts alleged by Matheson. Matheson entered the NHSP on November 29, 2016 on a parole revocation, and was housed initially in the NHSP Reception and Diagnostic ("R&D") unit. Lacasse Aff. ¶ 7. Matheson's claims of suicidality while at the NHSP triggered his transfer from the R&D unit to the NHSP Health Services Center on January 11, 2017, and again in late January 2017. Lacasse Aff. ¶ 8; Zenk Aff. ¶¶ 4-5.

Defendants Zenk and Lacasse concluded that Matheson's claims of suicidality and the transfers to the Health Services Center presented a serious or significant "population management problem" for the NHSP. Lacasse Aff. ¶ 11; Zenk Aff. ¶ 5. They arranged for Matheson's transfer to the Sullivan County Department of Corrections ("SCDOC") on February 3, 2017. Lacasse Aff. ¶ 10; Zenk Aff. ¶ 5. Matheson remains at the SCDOC at this time. Zenk Aff. ¶ 5; Lacasse Aff. ¶ 10.

Lacasse's declaration further avers that she has known about Matheson's gang-related safety concerns, and that she considered those concerns when she made the decision to place Matheson in the NHSP after his parole was revoked in November 2016. Lacasse Aff. ¶¶ 2-4, 6. The record before this court

---

[2] Both declarations state that they were executed in "2016," an apparent typographical error.

suggests that Matheson's transfer to the SCDOC could be reversed, as Lacasse's declaration states she continues to believe Matheson could be housed safely at the NHSP, if the SCDOC were to seek his return in the future.  Lacasse Aff. ¶ 12.

## Discussion

### I. Preliminary Injunction Standard

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted).  The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) ("'[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered'" (citation omitted)).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.

The court may rule on a motion for a preliminary injunction on the papers if it has before it "'adequate documentary evidence upon which to base an informed, albeit preliminary conclusion,'" and the parties have been afforded "'a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions.'"  Campbell Soup Co. v. Giles, 47 F.3d 467, 470-71 (1st Cir. 1995) (citations omitted).  The parties have had such an opportunity to date, and an additional opportunity for briefing is provided by the objection period that follows the issuance of this Report and Recommendation.

## II.  Irreparable Harm

"Irreparable harm most often exists where a party has no adequate remedy at law."  Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store."  Id.

Matheson has claimed that the conditions of his confinement at the NHSP subjected him to a substantial risk of serious harm while he was there, and he specifically requested a preliminary injunction ordering his transfer to a county corrections facility.  Prison officials transferred Matheson to the SCDOC on

February 3, 2017, and he remains at the SCDOC at this time. Matheson cannot show that a preliminary injunction is necessary to prevent irreparable harm at this time. Accordingly, the district judge should deny Matheson's request for a preliminary injunction, without prejudice to his ability to file a new motion for a preliminary injunction if he is transferred back to the NHSP, and/or the specific circumstances of his housing at that time present an immediate risk to his health or safety.

## Conclusion

Matheson's request for a preliminary injunction should be denied, without prejudice, for reasons stated above. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                          _____
                                                          Andrea K. Johnstone
                                                          United States Magistrate Judge

February 24, 2017

cc:   Josh Matheson, pro se
      Francis Charles Fredericks, Esq.